# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL AARON SILBERMANN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MAT CORTRIGHT, TOM CORBIT, and<br>JOHN OR JANE DOE,<br><br>　　　　　Defendant | CIVIL ACTION NO. 1:14-CV-00892<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

On May 9, 2014, Plaintiff Joel Aaron Silbermann, proceeding *pro se*, filed this action pursuant to the United States Tort Claims Act and the Civil Rights Act. (Doc. 1). Plaintiff concurrently filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). It is recommended that the Court grant Plaintiff's motion to proceed *in forma pauperis*. (Doc. 2).

**I.　BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff brings claims against the following elected officials: Matt Cartwright,[1] United States Representative for Pennsylvania's 17th congressional district; and Tom Corbett,[2] the current Governor of Pennsylvania. Plaintiff also names as a defendant John or Jane Doe. The complaint is two pages (Doc. 1) and appears to allege violations of Plaintiff's voting rights. Plaintiff states that he is a registered voter and is protesting the election of Matt Cartwright. He states that he entered a public building and was peacefully protesting. As a result, he was

---

[1] Misspelled by Plaintiff as Mat Cortright.

[2] Misspelled by Plaintiff as Tom Corbit.

forcibly removed, perhaps as a result of a previous restraining order. Plaintiff further demands representation.

**II.   SECTION 1915 STANDARD**

Title 28 U.S.C. § 1915 imposes obligations on persons who file civil actions in federal court and wish to proceed *in forma pauperis*. Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." The standard for reviewing a complaint under this section is the same as that for determining a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**III.   DISCUSSION**

Plaintiff names Governor Corbett and Representative Cartwright as Defendants, but fails to include any factual allegations against either of them in the complaint. Governor Corbett is not even mentioned in the complaint, and Representative Cartwright is only mentioned to the extent Plaintiff sought to "protest the election of [Matt Cartwright]." (Doc. 1). Plaintiff in no way alleges how either Governor Corbett or Representative Cartwright is liable to him for any alleged violations of his constitutional rights.

To establish liability for the deprivation of a constitutional right, a plaintiff must demonstrate personal involvement by a defendant. *Rode v. Delarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988); *see also Wicks v. Corbett*, 3:12-CV-1614, 2012 WL 4953084, at *2 (M.D. Pa. Oct. 16, 2012). Such involvement may be established through: 1) personal direction or actual participation by the defendant in the misconduct; or 2) knowledge of and acquiescence in the misconduct. *Rode*, 845 F.2d at 1207. Where Plaintiff has failed to make any specific factual allegations against either of the named Defendants, he has failed to state a claim upon which relief may be granted against them. *Wick*, 2012 WL 4953084, at *2. Similarly, to the extent Plaintiff seeks to bring a claim under the Federal Tort Claims Act, Plaintiff fails to state any allegations of negligent acts. *See* 28 U.S.C. § 2671, *et seq*; *Rinaldi v. United States*, 460 Fed. Appx. 80, 81 (3d Cir. 2012). In sum, there are simply no allegations whatsoever alleged against either of the named Defendants, and thus the Court cannot assess the claims in this complaint.

As such, the Court finds that the complaint fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Before dismissing a complaint with prejudice for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint

unless amendment would be inequitable or futile. *See* Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002). Because there are not enough factual allegations in the complaint to assess at this time whether amendment would be inequitable or futile, it is recommended that the Court dismiss the complaint and allow Plaintiff leave to file an amended complaint.

IV.  **RECOMMENDATION**

Based on the forgoing, it is recommended that:

1. The Court **GRANT** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2);

2. The Court **DISMISS** the complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. The Court allow Plaintiff leave to amend the complaint to specify factual allegations that give rise to the claims against the defendants. Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Any amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. *See* Local Rule 15.1.

**Dated: June 5, 2014**                                                                 *s/ Karoline Mehalchick*
                                                                                                         **KAROLINE MEHALCHICK**
                                                                                                         **United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL AARON SILBERMANN,<br><br>               Plaintiff,<br>   v.<br><br>MAT CORTRIGHT, TOM CORBIT, and JOHN OR JANE DOE,<br>               Defendant | CIVIL ACTION NO. 1:14-CV-00892<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 3, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: June 3, 2014**
                                                                                         *s/ Karoline Mehalchick*
                                                                                        **KAROLINE MEHALCHICK**
                                                                                 **United States Magistrate Judge**